UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MACRO ELECTRONICS CORP.
and STEVEN P. APELMAN,

    Plaintiffs,

v.                                    Case No. 8:22-mc-18-CEH-AAS

BIOTECH RESTORATIONS, LLC and
CHRISTOPHER YOUNG,

    Defendant.
_____/

## ORDER

Plaintiffs Macro Electronics and Steven P. Apelman request the court impose civil contempt sanctions against Defendant Christopher Young. (Docs. 21, 22). The plaintiffs sued the defendants for breach of contract on April 26, 2016, in the U.S. District Court for the Eastern District of New York, Case No. 2:16-cv-02037-ADS-SIL. The defendants failed to appear, and final judgment, on default, was entered on January 10, 2018, and registered in this court on May 20, 2022. (Docs. 1-1 & 1). The default judgment awarded the plaintiffs $210,987.50 plus post-judgment interest. (Id.).

The plaintiffs argue a daily civil fine of $1,000.00 and imprisonment are the appropriate sanction for Mr. Young's failure to satisfy the money judgment from the Eastern District of New York. (Doc. 22, pp. 2, 3). "A court

1

of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other[.]" 18 U.S.C. § 401(3). "Under no circumstances may a federal court impose any kind of sanction for contempt of another court's order." *Sisney v. Kaemingk*, 15 F.4th 1181 (8th Cir. 2021); *see also Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 968 (11th Cir. 2012). This is not the court with the power to sanction Mr. Young for his failure to satisfy a money judgment entered by the Eastern District of New York. The undersigned previously explained (Doc. 23) the plaintiffs should consult Chapters 56, 76, and 77 of the Florida Statutes for the proper limitations and protections during the collection process. Accordingly, the plaintiffs' motion for civil contempt sanctions (Docs. 21, 22) is **DENIED**.

Additionally, the plaintiffs are reminded of the requirements of Local Rule 3.01(a) for all future motions. "A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Local Rule 3.01(a), M.D. Fla.

**ORDERED** in Tampa, Florida on March 5, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge