UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MACRO ELECTRONICS CORP.
and STEVEN P. APELMAN,

    Plaintiffs,

v.                                        Case No. 8:22-mc-18-CEH-AAS

BIOTECH RESTORATIONS, LLC and
CHRISTOPHER YOUNG,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs Macro Electronics Corp. and Steven P. Apelman (collectively, the plaintiffs) request the court issue a writ of execution on Nonparty Biotech Restorations of Florida, LLC (Biotech of Florida). (Doc. 35). Biotech of Florida responded in opposition. (Doc. 43).

The plaintiffs sued Defendants Biotech Restorations, LLC, and Christopher Young (collectively, the defendants) for breach of contract on April 26, 2016, in the U.S. District Court for the Eastern District of New York, Case No. 2:16-cv-02037-ADS-SIL. The defendants failed to appear, and final judgment, on default, was entered on January 10, 2018, and registered in this court on May 20, 2022. (Docs. 1-1 & 1). On November 19, 2024, the court issued a writ of garnishment against Biotech of Florida. (Docs. 26–29).

1

Biotech of Florida answered the writ on December 16, 2024, denying holding any property owned by the defendants and denying being indebted to the defendants in any way. (Doc. 33).

A money judgment "is enforced by a writ of execution[.]" Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Under Florida law, a judgment creditor may request that the Clerk of Court issue a writ of execution to satisfy a judgment. Fla. Stat. § 56.021. "When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71. The plaintiffs fail to prove relief may be enforced against Biotech of Florida.[1] Biotech of Florida answered the writ of garnishment by denying holding any property owned by the defendants and denying being indebted to the defendants. Thus, the plaintiffs do not have any accounts or assets on which to execute.

Accordingly, it is **RECOMMENDED** the plaintiffs' motion for writ of execution (Doc. 35) be **DENIED without prejudice** and the plaintiffs' motion to file a reply to Biotech of Florida's response (Doc. 48) be **DENIED**

---

[1] The plaintiffs initiated a separate action against Biotech of Florida for alleged fraudulent transfers. The proceeding is ongoing. *See Macro Electronics Corp. v. Biotech Restorations of Florida*, LLC, 8:24-cv-01296-WFJ-SPF.

**as moot**.

**ENTERED** in Tampa, Florida on May 8, 2025.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.