UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MACRO ELECTRONICS CORP.
and STEVEN P. APELMAN,**

    **Plaintiffs,**

v.                                                **Case No. 8:22-mc-18-CEH-AAS**

**BIOTECH RESTORATIONS, LLC and
CHRISTOPHER YOUNG,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiffs Macro Electronics Corp. and Steven P. Apelman (collectively, the plaintiffs) request the court enter default judgment on Nonparty Biotech Restorations of Florida, LLC (Biotech of Florida). (Doc. 39). Biotech of Florida responded in opposition. (Doc. 46).

The plaintiffs sued Defendants Biotech Restorations, LLC, and Christopher Young (collectively, the defendants) for breach of contract on April 26, 2016, in the U.S. District Court for the Eastern District of New York, Case No. 2:16-cv-02037-ADS-SIL. The defendants failed to appear, and final judgment, on default, was entered on January 10, 2018, and registered in this court on May 20, 2022. (Docs. 1-1 & 1). On November 19, 2024, the court issued a writ of garnishment against Biotech of Florida. (Docs. 26–29).

1

Biotech of Florida answered the writ on December 16, 2024, denying holding any property owned by the defendants and denying being indebted to the defendants in any way. (Doc. 33).

The plaintiffs' motion should be denied for two reasons. First, before entry of a default judgment, "[a] plaintiff must obtain entry of a clerk's default against a garnishee who fails to respond to the writ." *Cardinale v. Vitamin Emporium, Inc.*, No. 6:21-CV-379-ACC-EJK, 2023 WL 3025578, *1 (M.D. Fla. Apr. 20, 2023) (citation omitted). Accordingly, the plaintiffs' motion could be denied solely for the failure to first seek a clerk's default against Biotech of Florida.

Second, even if the plaintiffs instead moved for a clerk's default, Biotech of Florida answered the writ of garnishment. (Doc. 33). The filing of an answer to a writ of garnishment precludes entry of a default. *See Cummings v. MNR Ramy, Inc.*, No. 6:19-CV-2010-RBD-GJK, 2021 WL 7450452, *1 (M.D. Fla. Aug. 20, 2021) (citing Fed. R. Civ. P. 55(a)). An answer admits or denies the allegations on which the adverse party relies. *See Boyan v. First Acceptance Ins. Co.*, No. 5:11-CV-593-OC-10TBS, 2012 WL 13129971, *2 (M.D. Fla. Feb. 3, 2012), *report and recommendation adopted*, No. 5:11-CV-593-OC-10TBS, 2012 WL 13129962 (M.D. Fla. May 15, 2012) (citing Fla. R. Civ. P. 1.110(c) and Fed. R. Civ. P. 8(b)). The plaintiffs' belief that Biotech of Florida's denial is untruthful does not negate the fact Biotech

of Florida filed an answer in compliance with the writ of garnishment.

Accordingly, it is **RECOMMENDED** the plaintiffs' motion for default judgment (Doc. 39) be **DENIED**.

**ENTERED** in Tampa, Florida on May 14, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

3